United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Christopher Rennie Glenn, Movant<br><br>v.<br><br>United States of America, Respondent. | )<br>)<br>)<br>) Civil Action No. 22-21682-Scola<br>) Crim. Action No. 15-20632-Scola<br>)<br>) |

**Order**

Before the Court is Movant Christopher Rennie Glenn's motion to vacate sentence under 28 U.S.C. § 2255. The Court has considered Glenn's motion (ECF No. 1) and supporting memorandum of law (ECF No. 1-1), the government's response (ECF No. 5), Glenn's reply (ECF No. 7), the entire record, and is otherwise fully advised. For the reasons explained below, the motion is denied.

**1. Background**

A federal grand jury indicted Glenn for one count of sexual assault of a minor, 18 U.S.C. § 2243(a); two counts of sex trafficking by fraud or of a minor, *id.* § 1591(a)(1), along with four counts of attempted sex trafficking, *id.* §§ 1591(a)(1), 1594(a), and two counts of conspiracy to engage in sex trafficking, *id.* §§ 1591(a)(1), 1594(c); one count of travel with intent to engage in illicit sexual conduct, *id.* § 2423(b); and one count of possession of child pornography, *id.* § 2252(a)(4)(A). *See* CR ECF No. 7.[1] Following a 24-day jury trial, Glenn was convicted of sexual assault of Minor D; sex trafficking of Minor A; attempted sex trafficking of Minor D, Minor G, and Minor H; conspiracy to engage in sex trafficking between March 2012 and February 2014; travel to engage in illicit sexual conduct; and possession of child pornography. *See* CR ECF No. 309. The Court sentenced Glenn to life imprisonment for each count of sex trafficking, attempted sex trafficking, and conspiracy to commit sex trafficking, along with

---

[1] References to docket entries in Glenn's criminal case, Case No. 15-20632-CR, are denoted with "CR ECF No."

concurrent sentences of 180 months for sexual assault, 360 months for travel with the purpose of engaging in illicit sexual conduct, and 120 months for possessing child pornography. *See* CR ECF No. 424. Glenn appealed, and the Eleventh Circuit affirmed his convictions and sentence. *See United States v. Glenn*, 839 F. App'x 376, 388 (11th Cir. 2020).

### 2. Legal Standard

#### A. Section 2255 Motions

Under section 2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under section 2255 are extremely limited.  *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "[R]elief under 28 U.S.C. [section] 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cleaned up).

#### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to assistance of counsel during criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). When assessing counsel's performance under *Strickland*, the Court employs a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at

690. "[T]he Sixth Amendment does not guarantee the right to perfect counsel; it promises only the right to effective assistance[.]" *Burt v. Titlow,* 571 U.S. 12, 20 (2013).

To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687-88.

To establish deficient performance, the petitioner must show that "counsel's conduct fell 'outside the wide range of professionally competent assistance.'" *Cummings v. Sec'y for Dep't of Corr.,* 588 F.3d 1331, 1356 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 690). Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Strickland*, 466 U.S. at 690-91. The court's review of counsel's performance should focus on "not what is possible or what is prudent or appropriate, but only [on] what is constitutionally compelled." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (cleaned up).

To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not address both prongs of *Strickland* if the defendant makes an insufficient showing on one of the prongs. *See id.* at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

**3. Discussion**

**A. Timeliness and Exhaustion/Procedural Default**

The parties fail to address the motion's timeliness or exhaustion/procedural default. *See generally* ECF Nos. 1, 5. The Court will also skip over this step as the motion is due to be denied on the merits. *See Loggins v. Thomas*, 654 F.3d 1204, 1215 (11th Cir. 2011) ("When relief is due to be denied

even if claims are not procedurally barred, we can skip over the procedural bar issues, and we have done so in the past.").

### B. Ground One

Glenn argues that his counsel was ineffective for failing to move to dismiss the indictment at the pretrial stage for government misconduct. *See* ECF No. 1-1 at 23. He asserts that the government presented false testimony to the grand jury and under "Rule 12 of the Federal Rules of Criminal Procedure a motion to dismiss an indictment must be challenged by pretrial motion." *Id.* at 23–24. Glenn states his counsel was ineffective for failing to do so. *See id.* That said, Glenn acknowledges his counsel advised "that his suggested motion to dismiss the indictment was meritless." *Id.* at 15. Instead, based on "the results of his investigation and reviews of the search in Honduras," Glenn's counsel "filed a motion to suppress all Evidence Seized during the Search of Glenn's residence in Honduras and Any Fruits of that Unlawful Search." *Id.* at 16. The question presented is thus whether counsel was ineffective for filing a motion to suppress instead of a motion to dismiss.

"The decision whether to file [a specific motion] is a matter of professional judgment[.]" *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). Here, based on "the results of his investigation and reviews of the search in Honduras" Glenn's counsel exercised professional judgment in deciding to file a motion to suppress rather than a motion to dismiss. ECF No. 1-1 at 16. The Court finds that counsel's decision was a strategic one "made after thorough investigation of the law and facts." *Strickland*, 466 U.S. at 690. Such strategic decisions are "virtually unchallengeable," and the Court concludes that counsel did not render deficient performance. *Id.* Accordingly, Ground One is denied.

### C. Ground Two

Glenn argues that his appellate counsel was ineffective by raising his constitutional issue on appeal "in a perfunctory manner and without any citations to legal authority, causing the court of appeals to decline to address it."

ECF No. 1-1 at 32. Glenn refers to an issue raised in his initial brief asserting that "the sex trafficking statutes are unconstitutional as applied to Glenn's case[.]" *Id.* This issue was raised as "Issue 5" in his initial brief on appeal. *See* UNITED STATES OF AMERICA, Plaintiff/appellee, v. Christopher GLENN, Defendant/appellant., 2020 WL 553655 (C.A.11), 43. Issue 5 states in part:

> Congress could not have intended to criminalize the giving of love and affection by a husband to his wife, or giving her a nice place to live, or the giving of birthday or anniversary gifts . . . and other ordinary gifts incidental to courtship and married life such that virtually every married couple that engages in sexual activity would be guilty of sex trafficking.

*Id.* at 43–44. While true, Glenn's case is not one involving the giving of affection and gifts between a married couple. As stated by the Eleventh Circuit, Glenn's case involves "a government contractor who sexually exploited young, impoverished girls in Honduras." *Glenn*, 839 F. App'x at 378. The Eleventh Circuit further concluded that "Glenn offered money to his victims and their families so that he could engage in sexual acts with them. His conduct is prohibited by the plain terms of the statute, which do not require the victim to be a prostitute." *Id.* at 385.

Glenn's assertion that the appellate court declined to address the issue is incorrect. As stated, the Eleventh Circuit considered, and rejected, his constitutional challenge. Simply put, the constitutional challenge is meritless. Therefore, appellate counsel cannot be ineffective for failing to raise it. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) ("Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit.") And where, as here, appellate counsel briefs a meritless issue, he cannot be deemed ineffective when the court denies relief. Accordingly, Ground Two is denied.

### D. Evidentiary Hearing

A district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir.

2002). The Court finds Glenn's claims to be patently frivolous and that the motion and the files and records of the case conclusively show that he is not entitled to relief. *See* 28 U.S.C. § 2255(b). Therefore, his request for an evidentiary hearing is denied.

### E. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Here, Glenn fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, upon consideration of the record, the Court denies the issuance of a certificate of appealability.

### 4. Conclusion

Accordingly, it is **ordered and adjudged** as follows:

1. Movant Christopher Rennie Glenn's motion to vacate sentence under 28 U.S.C. § 2255 **(ECF No. 1)** is **denied**.
2. A certificate of appealability is **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and Glenn is not entitled to appeal *in forma pauperis*.
3. To the extent not otherwise disposed of, any pending motions are **denied as moot** and all deadlines are **terminated**.
4. The Clerk of Court is directed to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on February 15, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Christopher Rennie Glenn
04919-104
Terre Haute-USP

Inmate Mail/Parcels
Post Office Box 33
Terre Haute, IN 47808
PRO SE